# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| Francisco E. Munar, Jr., | ) |
| Plaintiff, | ) 3:15-cv-215 JWS |
| vs. | ) ORDER AND OPINION |
| Jeh C. Johnson, *et al.*, | ) [Re: Motion at docket 28] |
| Defendants. | ) |

## I. MOTION PRESENTED

At docket 28 plaintiff Francisco E. Munar, Jr. ("Munar") moves for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Defendants oppose the motion at docket 30, and Munar replies at docket 34. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Munar, a lawful permanent resident of the United States, filed an application to become a naturalized citizen on November 3, 2014. Pursuant to 8 U.S.C. § 1446(a), the United States Citizenship and Immigration Service ("USCIS") investigated Munar's application. On January 8, 2015, USCIS examined Munar. Munar was re-examined on

May 21, 2015. No determination on Munar's application was made at that time, because the investigation "raised concerns of fraud."[1] As a result, Munar's application was referred by USCIS' Anchorage Field Office to USCIS' Fraud Detection and National Security division on May 22, 2015.[2] The application was returned to the Anchorage Field Office on August 25, 2015.[3] That office made a request to Munar for additional information on October 28, 2015.[4] He responded on November 25, 2015.[5]

USCIS failed to make a determination on Munar's application within 120 days from his re-examination as contemplated by 8 U.S.C. § 1447(b) and as required by 8 C.F.R. § 335.3. The 120-day period for action by USCIS is of significance, for as the Ninth Circuit has explained: "[a] central purpose of the statute was to reduce the waiting time for naturalization applicants."[6] After the passage of more than five months from his re-examination without a decision by USCIS, Munar filed this lawsuit pursuant to 8 U.S.C. § 1447(b). Munar's three-count complaint was filed on November 5, 2015. It prayed that the court assume jurisdiction, review Munar's application *de novo*, order defendants to refrain from further delaying the determination of Munar's application, and award attorneys' fees and costs.[7] While a *de novo* decision by the court was

---

[1]Doc. 11 at 2 ¶ 8.

[2]*Id*.

[3]*Id*. ¶ 9.

[4]*Id*. ¶ 10.

[5]*Id*. at 3 ¶ 12.

[6]*United States v. Hovsepian* 359 F.3d 1144, 1163 (9th Cir. 2004) (en banc).

[7]Doc. 1 at 22.

obviously Munar's preferred relief, as an alternative he asked the court to remand the issue to USCIS to adjudicate the matter "immediately and by a date certain."[8] Section 1447(b) gives this court jurisdiction to either hear the matter or remand it to USCIS. Deciding whether to hear the matter or remand is committed to the court's discretion.[9]

On January 11, 2016, defendants moved for an order remanding the matter to USCIS, representing that "USCIS is prepared to adjudicate Munar's [application] within seven days following remand from his Court,"[10] a representation supported by the Declaration of Lynn Edwards, an employee of USCIS.[11] Munar opposed the motion to remand, pointing out that substantial time had elapsed after completion of the application procedure, while 8 C.F.R. §335.3 required a determination to be made within 120 days.[12] Of course, it may also be the case that Munar feared USCIS would disapprove the application. Were that the result of the remand, Munar would have been forced to seek review of the denial pursuant to 8 U.S.C. § 1421(c).

Relying on defendants' representation that a determination would be made within seven days following remand and knowing that it would take considerably more than seven days to resolve the matter if the court were to proceed to hear it *de novo*, the court exercised its discretion to remand with instructions to determine the application

---

[8]*Id*. at 20 ¶ 53.

[9]*Hovsepian*, 359 F.3d at 1161.

[10]Doc. 10 at 7.

[11]Doc. 11 at 3 ¶ 14,

[12]Doc. 16 at 2.

3

within seven days.[13] Six days later Munar filed a motion asking the court to reconsider its remand decision and a motion asking for a temporary restraining order to prevent UCSIS from adjudicating the application until the court ruled on Munar's motion for reconsideration.[14] The very next day, April 5, 2016, defendants filed a notice advising that Munar's application had been adjudicated and approved on April 1, 2016, and that he had been scheduled for the upcoming naturalization ceremony in this court to be held on April 15, 2016.[15] Later on April 5, 2016, Munar moved to hold his two pending motions in abeyance.[16] After Munar had been naturalized, the court deemed the pending motions to have been withdrawn.[17] A judgment dismissing the litigation was filed.[18] Munar then filed a timely motion for attorneys' fees and expenses, which is the subject of this order.

### III.  DISCUSSION

**A.  Entitlement to an Award**

The EAJA generally requires courts to award a party who prevails in an action against the United States (other than a tort claim action) fees and expenses "unless the court finds that the position of the United States was substantially justified or that

---

[13]Docs. 19 and 20.

[14]Doc. 21 (motion for temporary restraining order); doc. 22 (motion for reconsideration).

[15]Doc. 23.

[16]Doc. 24.

[17]Doc. 26.

[18]Doc. 27.

4

special circumstances make an award unjust."[19]  Obviously, the first issue to consider is whether Munar is a prevailing party.

To be a prevailing party, one must obtain a material change in a legal relationship which has been sanctioned by the court, and the change must be one sought by the person claiming prevailing party status.[20]  Clearly, there has been a material change in Munar's legal relationship with defendants, because he has progressed from lawful permanent resident status to citizenship.  Furthermore, that change has been sanctioned by this court because it is the result of this court's order directing USCIS to make a determination on Munar's application.   Defendants do not contest that conclusion.

Defendants do contend that Munar is not a prevailing party on the grounds that he did not request the relief the court awarded.  As defense counsel puts it:

> [T]he relief granted is of the type that would ordinarily make Munar "a prevailing party" under the meaning of the statute.  However, it must be considered that Munar never, at any point in the proceedings, sought relief in the form of a remand to USCIS.  He did not request such relief in his Petition.  And he strenuously opposed such relief when it was sought by Defendants.  He even went so far as to ask the Court to reconsider its order, and to seek a temporary restraining order against such relief after it was granted by the Court.  Where the Court ordered relief that Munar never sought, and that he vigorously opposed throughout the proceedings, there is good reason to find that Munar is not a "prevailing party" under the meaning of the EAJA.[21]

---

[19] 28 U.S.C. § 2412(d)(1)(A).

[20] *Klamath Siskiyou Wildlands Center v. U. S. Bureau of Land Mgt.*, 589 F.3d 1027, 1030 (9th Cir. 2009).

[21] Doc. 30 at 6.

5

Defendants' assertion that Munar "never, at any point" asked for a remand with a specific deadline for USCIS action is incorrect. As noted above, Munar's complaint asked for that relief as an alternative to a *de novo* decision by this court.[22] While Munar did not include the alternative in the complaint's prayer for relief, that does not adequately support defendants' position.[23] Munar is a prevailing party, and qualifies for an award under the EAJA.[24]

The preceding conclusion notwithstanding, defendants are correct to suggest that Munar's opposition to the remand order and attempt to have it reconsidered must be addressed. In the court's view, those concerns may be addressed in terms of whether they "constitute special circumstances that make an award unjust."[25] It is also necessary to determine if the defendants' position in the litigation was "substantially justified."[26] Defendants have the burden of proving special circumstances or substantial justification.[27] Furthermore, with respect to substantial justification, it is defendant's burden to make a "strong showing."[28]

---

[22]Doc. 1 at 20 ¶ 53.

[23]Fed. R. Civ. P. 54(c); *Z Channel Ltd. P'ship v. Home Box Office, Inc.*, 931 F.2d 1338, 1341 (9th Cir. 1991).

[24]Munar qualifies under 28 U.S.C. § 2412(d0(2)(b) because he is an individual whose net worth did not exceed $2,000,000. *See* Munar's Declaration at doc. 28-2.

[25]28 U.S.C. § 2412(d)(1)(A).

[26]*Id.*

[27]*Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991).

[28]*Healey v. Leavitt*, 485 F.3d 63, 67 (2nd Cir. 2007).

6

The court faces an unusual situation. Munar got the ultimate result he wanted—citizenship. But, he obtained that result soon after he filed the lawsuit only because the court agreed with defendants' request for a remand and rejected Munar's opposition to that remand. On the other hand, if USCIS had complied with the requirement to render a decision on the application within 120 days, there would have been no lawsuit.

Defendants seek shelter for the substantial delay in processing Munar's application behind the proposition that there was evidence of fraud which required an investigation by personnel outside Alaska and also required Munar to provide additional information. They also contend that defendants' position was substantially justified because of the need for further investigation. Munar contends that the only reason for the delay was the prejudice of various officials against him because he had married Nilda Galvaz Dumo ("Nilda"), a citizen who was twenty-one years older than Munar.

Defense counsel asserts that "evaluation of Munar's file and testimony raised concerns of fraud."[29] USCIS employee Lynn Edwards makes the same assertion in her declaration supporting defendants' motion to remand.[30] There is nothing in the record before the court—such as a citation to facts or omissions in Munar's file, or a reference to a portion of Munar's testimony—which supports the assertion. Without evidentiary support, the conclusory assertion is not persuasive. USCIS asked Munar for additional information on October 28, 2015. According to Edwards, USCIS sought "additional

---

[29]Doc. 30 at 2.

[30]Doc. 11 at 2 ¶ 8.

7

evidence of bona fides to demonstrate compliance with the terms of Munar's admission and other information not previously disclosed."[31] Defendants' briefing does not identify what terms of Munar's admission were in question, what information was needed, why it was needed, or how the information might relate to concerns about fraud. The bare assertion that more information was needed is not persuasive. In sum, defendants have failed to carry their burden to show that the delay was substantially justified or that there were special circumstances making an award unjust.

**B. Quantum of Attorneys' Fees**

    **1. Hourly Rate**

Munar initially requested an award of $28,315 in attorneys' fees[32] and expenses of $935.74.[33] After reviewing defendants' opposition, Munar conceded that seeking remuneration for clerical charges and certain of the time entries as EAJA attorneys' fees was inappropriate.[34] As a result, Munar reduced his attorneys' fees request to $23,531.07.[35]

EAJA attorneys' fees are based on the prevailing market rate, except that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited

---

[31]*Id*. ¶ 10.

[32]Doc. 28-8 at 12.

[33]Doc. 28-9 at 2.

[34]Doc. 34 at 2.

[35]Doc. 34-1 at 8.

8

availability of qualified attorneys for the proceedings involved, justifies a higher fee."[36]
Munar has presented evidence that the $125 rate should be increased to $190.28 to account for increases in the cost of living.[37] Defendants do not contest the $190.28 hourly rate. However, Munar also asks the court to enhance that rate and make an award for attorney Stock's work at an hourly rate of $500 for work performed in 2015 and $502.35 for work performed in 2016. To support this request, Munar submitted Ms. Stock's very impressive resume.[38] As pertinent here, Ms. Stock's resume establishes that she is very experienced in the field of immigration law.

Munar also supports his request for an enhanced fee with the Declaration of Maris J. Liss.[39] Ms. Liss' declaration and her attached *curriculum vitae* establish that she is an experienced immigration lawyer. The declaration also shows that she is well acquainted with Ms. Stock and that she has reviewed the file in this case. She also says that she is familiar with the rates charged by lawyers doing "specialized litigation," but does not say what kind of specialized litigation, nor does she say where this litigation is conducted. Her conclusion is that $500 per hour is "below the prevailing market rate for the period 2015-2016 for an attorney of [Ms. Stock's] experience and expertise."[40] The court finds the support for that conclusion to be weak. Ms. Liss' reference to specialized litigation is notable for not saying she is referring to immigration

---

[36]28 U.S.C. § 2412(d)(2)(A).

[37]Doc. 28-5 at 2.

[38]Doc. 28-6.

[39]Doc. 28-7.

[40]*Id*. at 6 ¶ 10.

9

litigation. Ms. Liss does not profess to have any knowledge about the practice of law in the District of Alaska.

Even assuming that Ms. Liss' general reference to "specialized litigation" is meant as a reference to immigration litigation, her declaration falls short of what is required to support an enhanced fee. The court finds persuasive the reasoning in *Healey v. Leavitt.*[41] There, a trial court had awarded an enhanced EAJA fee partly on the basis that the case was a complex class action involving the complicated field of Medicare law. Yet, the circuit court reversed saying:

> [A] case requires "specialized expertise" within the meaning of the EAJA only when it requires some knowledge or skill that cannot be obtained by a competent practicing attorney through routine research or legal experience. This case, although certainly challenging, is typical of most litigation brought under modern administrative statutes. While one cannot deny the complexity of the Medicare statute and the regulations promulgated thereunder, this regulatory scheme is no mor complex than countless other federal regulatory schemes, and attaining proficiency in these areas is "not beyond the grasp of a competent practicing attorney with access to a law library and the other accoutrements of modern legal practice."[42]

Munar has not shown that his case in specific or immigration law in general is beyond the grasp of a competent practicing attorney with access to a law library and the other research tools available in a modern legal practice. While Ms. Stock may be among the most knowledgeable immigration law attorneys in the country, Munar has not shown that his case could not have gone forward absent her formidable expertise. An enhanced fee is not warranted. The court will use a rate of $190.28 for all lawyers' time

---

[41]485 F.3d 63 (2nd Cir. 2007).

[42]*Id.* at 70 (quoting *Chenoweth v. Sullivan*, 920 F. 2d 648, 650 (10th Cir. 1990)).

10

entries. The court will use a rate of $135 per hour for all paralegals' time entries, a rate not contested by defendants, and one which the court finds to be reasonable.

**2. Number of Compensable Hours**

The court has discretion to deny recovery for time which unduly and unreasonably protracted the final resolution of the case.[43] In the exercise of its discretion, the court finds that Munar's motions to halt execution of the remand order[44] and to have the remand order reconsidered[45] unduly and unreasonably protracted the proceedings. That work on these motions should not be compensated is clear when one considers the four possible outcomes had Munar not challenged the remand order.

On remand, USCIS would either approve or deny his application. Were USCIS to approve the application (as it did), the matter would end. Were USCIS to deny the application, Munar would have been able to obtain a fair hearing before an independent USCIS officer within 180 days,[46] who would either affirm or reverse the original examining officer's decision.[47] Were the reviewing officer to approve the application, the matter would end. Were he or she to affirm the denial, Munar could obtain judicial review of his application under 8 U.S.C. § 1421(c). Such a review would be conducted pursuant to the same *de novo* standard Munar sought to invoke in his complaint.[48] As

---

[43] 28 U.S.C. § 2412(c)(1)(C).

[44] Doc. 21.

[45] Doc. 22.

[46] *See* 8 U.S.C. § 1421(c); 8 C.F.R. § 336.2.

[47] 8 C.F.R. § 336.2.

[48] *Hovesepian*, 359 F.3d at 1162.

11

the above demonstrates, at worst, remand would have delayed Munar's receipt of judicial review.  Contrary to Munar's assertions in his motion papers, remand did not pose a threat of irreparable harm that justified his challenges to the order.

The court finds that the following billing entries relate to Munar's decision to challenge the remand order:

1. MF entry on 3/30/16 for 1.60 hours
2. DG entry on 3/30/16 for .40 hours
3. MF entry on 3/31/16 for 1.00 hours
4. DG entry on 3/31/16 for .20 hours
5. LRC entry on 3/31/16 for .40 hours
6. LRC entry on 3/31/16 for 1.00 hours
7. MF entry on 4/1/16 for .60 hours
8. LRC entry on 4/4/16 for 1.40 hours
9. LRC entry on 4/5/16 for .60 hours

The total time entered for attorney D. Gabaandor (DG) is .60 hours, which at an hourly rate of $190.28 is $144.17.  The total time entered for the paralegals (MF and LRC) is 6.6 hours, which at an hourly rate of $135 is $891.  The total for all time keepers is $1,035.17.  That amount will be subtracted from the total time sought.

Next, it is necessary to consider defendants' argument that "Munar seeks fees for tasks and costs that are not related to this litigation, and instead are related to his N-400 application before USCIS, and preparation for the citizenship proceeding after his application was granted."[49]  It is defendants' position that such matters are non-adversarial and fall outside the ambit of the sovereign immunity waiver in the EAJA.  Defendants rely on *Ardestani v. I.N.S.*[50]  Munar has conceded the point by filing her

---

[49]Doc. 30 at 11.

[50]502 U.S. 129 (1991).

12

updated request for attorneys' fees which omits all of the time related to the administrative proceeding.[51] Similarly, Munar has conceded defendants' argument about time spent relating to citizenship proceedings by omitting the entry for 4/13/16 and the two entries for 4/14/16 from her updated request for attorneys' fees.

Using the hourly rate of $190.28 for Munar's lawyers and $135 per hour for their paralegals and the amount of time reflected in the updated application would result in an award of $13,004.32 for attorneys' fees. However, when the time spent on matters which unduly and unreasonably protracted the litigation is subtracted, the award of attorneys' fees is $11,969.15.

**C. Quantum of Expenses Award**

Munar seeks an award of expenses in the amount of $935.74. Expenses are recoverable by a prevailing party under the EAJA.[52] The court has examined the costs for which Munar seeks an award. The costs for the court filing fee, postage for delivery of the summons, and copies of the complaint and summons are recoverable. The total amount sought for those items is $625.45. However, the court finds that the other costs sought relate to matters which unduly and unreasonably protracted final resolution as discussed above. They will not be included in the award.

---

[51]*Compare* doc. 28-8 at 2 (showing entries from 4/21/15 thru 8/14/15) *with* doc. 34-1 (which omits all of those entries).

[52]Costs recoverable under 28 U.S.C. § 1920 are authorized by 28 U.S.C. § 2412(a)(1). Other expenses may be recovered pursuant to 28 U.S.C. § 2412(d)(1)(a).

13

**D. Request To Strike**

In his reply, Munar asks the court to strike certain copies of emails which were provided as an attachment to defendants' opposition pursuant to Fed. R. Evid. 408. The court has not relied on those emails and so declines to address the request to strike.

## IV. CONCLUSION

For the reasons above, the motion at docket 28 is granted in part and denied in part as follows: Defendants shall pay Francisco Estrada Munar, Jr. the sum of $12,594.60, consisting of $11,969.15 in attorneys' fees and $625.45 in costs.[53]

DATED this 8th day of July 2016.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[53] The award should be paid to Munar, not his lawyer. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).